### SEGELMAN v. INTERBOROUGH RAPID TRANSIT RY. CO.

(Supreme Court, Appellate Term. November 24, 1908.)

CARRIERS (§ 318*)—CARRIAGE OF PASSENGERS—ACTIONS FOR INJURIES—EVIDENCE—SUFFICIENCY.

Where, in an action for injury to a street railway passenger by a window falling on his finger, there was no direct evidence that the window catch was defective, and the presumption of defective condition that might arise from the fact that the window fell was met by evidence that the catch was in first-class condition immediately after the accident and by other evidence by the carpenter in charge of the railway company's workshop that he had examined the car the day before, and that every window was in perfect condition and that two days after the accident the car was found "O. K.," the burden of establishing negligence by a preponderance of the evidence was not sustained, and there could be no recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1307; Dec. Dig. § 318.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Paul Segelman, an infant, by Adolph Segelman, his guardian ad litem, against the Interborough Rapid Transit Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY, J.

James L. Quackenbush (Anthony J. Ernest, of counsel), for appellant.
Samuel S. Kogan, for respondent.

PER CURIAM. The plaintiff, an infant of 3½ years of age, accompanied by his mother, was a passenger on one of defendant's trains. He was injured by a window falling on his finger. The complaint alleges that the negligence of defendant consisted in a defective condition of the catch upon the window, and that the window fell by reason of this defective condition of the catch. There is no direct evidence that the catch was defective. The only evidence of a defective condition of the catch is the presumption that may be said to arise from the fact that the window fell. This presumption is met and overcome by defendant's witnesses who testified that the catch was in first-class condition immediately after the accident, while the carpenter in charge of defendant's workshop testified that he examined the car in question the day before the accident, and that he tried all the windows and everything in the car, and that every window was in perfect condition, and that two days after the accident the car was found "O. K.," except that the door lock on the platform required to be repaired. The plaintiff did not sustain the burden of establishing by a preponderance of evidence the negligence pleaded, and there can be no recovery because of a failure of proof.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.